Larry N. Kutchinski and Berylene Kutchinski v. Commissioner.
Kutchinski v. Commissioner
Docket No. 5680-63.
United States Tax Court
T.C. Memo 1965-43; 1965 Tax Ct. Memo LEXIS 287; 24 T.C.M. (CCH) 226; T.C.M. (RIA) 65043; March 1, 1965
*287 Petitioner failed to show that automobile expenses incurred to travel between her home and an Air Force base, where she taught two typing courses as an independent contractor, were deductible business expenses. Berylene Kutchinski, pro se, 4005 Sanguinet Ct., Fort Worth, Tex. Chauncey W. Tuttle, Jr., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined deficiencies in petitioners' 1961 income taxes in the amount of $28.13, based upon a disallowance of deductions for child care and travel expenses and *288 an adjustment of allowable medical expenses. Petitioners have conceded the child care item, so that the only issue which remains for decision is the deductibility of certain travel expenses. Findings of Fact Larry N. and Berylene Kutchinski, husband and wife, reside in Fort Worth, Texas. They filed a timely joint individual Federal income tax return for 1961 with the district director of internal revenue in Dallas, Texas. Berylene Kutchinski will hereinafter sometimes be referred to as the petitioner. During 1961, petitioner was awarded a contract by the United States Government to teach two eight-week sessions in beginning typing at Carswell Air Force Base. Petitioner was employed as an independent contractor. She taught the first session during September and October 1961 and received $360 pursuant to the contract, in 1961. She taught the second course in November and December 1961 but did not receive payment until January 1962. Petitioner had 16 students in each of her typing courses, all of whom were in the United States Air Force. During each session she taught two ninety-minute courses five days per week, beginning at nine o'clock in the morning. After her classes, petitioner *289 returned to her home to grade papers and prepare lesson plans. She had set up an office in one bedroom of her house, consisting of a desk, a typewriter, and a blackboard, and spent most of each weekday afternoon performing her teaching duties in this room. Petitioner did not teach in her home but often received and made telephone calls from there to her students in connection with her teaching. Petitioner's house is located approximately 8 miles from Carswell Air Force Base. While she was teaching, petitioner made this round trip five days per week in her automobile. Opinion The only issue for decision is whether expenses incurred by petitioner in driving between her house and Carswell Air Force Base, where she taught typing courses, were ordinary and necessary expenses in carrying on a trade or business and are hence deductible under section 162(a) of the 1954 Code. [1] Respondent maintains that her expenses were personal in nature and thus not deductible under section 262. [2]
*290 The issue here is essentially factual. . Petitioner contends that her transportation expenses are deductible because she was, in effect, traveling between offices.[3] It is her contention that she was not provided with space to perform her non-classroom duties and that by setting up an office in her home she is no longer making the trip between home and the base as a commuter. On the record before us we cannot find that petitioner's transportation expense was required by the exigencies of her employment. . Petitioner had to travel to and from the base once each day whether or not she was provided with a place to perform her nonclassroom duties. Had she not set up an office in her home, her transportation expense would clearly be a personal, nondeductible expense. Frank H. Sullivan, B.T.A. 93 (1924); ; ; section 1.162-2(e), Income tax Regs. The evidence presented by petitioner does not establish that her transportation expense was not of a personal *291 nature. , affd. (C.A. 5, 1960); (C.A. 5, 1964), affirming a Memorandum Opinion of this Court; , reversed on another issue, (C.A. 10, 1951); . Decision will be entered for the respondent. Footnotes
1. All Code references are to the Internal Revenue Code of 1954. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a leduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. Petitioner does not claim any deductions for business expenses other than transportation, so that we do not pass on the deductibility of her office expenses, etc.↩